UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

UNITED STATES OF AMERICA

          -against-

CHRISTIAN LUGO,

          Defendant.

------------------------------------------------------------------------X

Docket No.

24 Cr. 606 (DEH)

# REPLY MEMORANDUM FOR DEFENDANT CHRISTIAN LUGO

*Attorneys for Christian Lugo*:

KARLOFF C. COMMISSIONG, ESQ.
405 Broadway, 9th Floor
New York, New York 10174
(718) 415-3116

STEPHEN TURANO, ESQ.
275 Madison Avenue, 35th Floor
New York, New York 10016
(917) 594-5666

KARLOFF C. COMMISSIONG, ESQ.

ATTORNEY AT LAW
405 LEXINGTON AVENUE
9TH FLOOR
NEW YORK, NY 10174

February 4, 2026

**VIA E.C.F. AND EMAIL**

Hon. Dale E. Ho
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

Re: <u>United States v. Christian Lugo</u>, 24 Cr. 606 (DEH) – Defendant's reply to the government's sentencing memorandum

Dear Judge Ho:

The defense addresses three points: first, that the Government's charging decisions cannot substitute for the Court's independent sentencing function under 18 U.S.C. § 3553(a); second, that the advisory Guidelines account for the offense conduct, while a variance properly accounts for the person and the purposes of punishment; and third, that the Government's characterization of the offense misstates the nature of the conduct relevant to culpability and proportionality at sentencing.

I. THE GOVERNMENT'S CHARGING DECISIONS DO NOT DISPLACE THE COURT'S SENTENCING FUNCTION

The Government asserts that it "carefully considered the mitigating circumstances" by allowing Mr. Lugo to plead to reduced charges, lowering his Guidelines exposure from life imprisonment to approximately 25 years. Charging and plea negotiations reflect the exercise of prosecutorial discretion. Sentencing reflects the Court's independent obligation to impose a sentence that is "sufficient, but not greater than necessary." One cannot substitute for the other.

Plea agreements reflect institutional considerations such as litigation risk, evidentiary burdens, and charging policy. Mitigation under §3553(a), concerns moral culpability, personal

history, and the purposes of punishment — matters entrusted to the Court's sentencing judgment.  The Government's discretion in resolving charges cannot relieve the Court of its independent duty to assess the appropriate sentence based on the full record.  Further, the advisory Guidelines quantify harm, role, and statutory exposure; not the totality of the person who committed the offense.  However, a variance reflects the Court's assessment of how punishment should operate in this particular human context.

The Government also characterizes Mr. Lugo's conduct as operating a criminal enterprise with continuing fraud, as though the business itself existed solely for illicit purposes.  Treating a largely legitimate business that committed fraud as indistinguishable from a purely criminal enterprise risks inflating culpability in a way that is inconsistent with the individualized assessment required by §3553(a).  There is a meaningful difference between operating a legitimate business that engaged in criminal conduct and operating a business that exists solely for criminal purposes, and that distinction bears directly on culpability and the appropriate degree of punishment.

II.     THE GOVERNMENT'S FACTUAL CHARACTERIZATIONS EXCEED THE RECORD ACCEPTED AT THE PLEA

The Government attributes to Mr. Lugo a specific statement and a level of directive conduct that were not part of the factual basis of his allocution.  At the plea, Mr. Lugo admitted that he permitted CC-1 to retaliate against members of First Choice by violence and that CC-1 discharged a firearm, resulting in the tragic death of Ms. Ortiz.  That allocution does not establish that Mr. Lugo directed, initiated, or personally encouraged the use of violence in the manner now suggested.  The Government's portrayal reframes his conduct in a more instigating and directive manner than was established in the agreed factual record.  That distinction is relevant not to guilt, but to culpability and proportionality at sentencing.

The same concern applies to the Government's characterization of Mr. Lugo's alleged involvement in MDC contraband. While the Government asserts that Mr. Lugo received an institutional infraction, Mr. Lugo maintains that he was never served with any notice of infraction for this incident, and there is no corroborating evidence that he actively participated in smuggling or trafficking contraband, or that he had any role beyond being present in the vicinity of the alleged misconduct.

III. CONCLUSION

The Government's discretion in negotiating charges cannot substitute for the Court's independent obligation to impose a sentence that is sufficient, but not greater than necessary. The plea agreement reflects the Government's institutional judgment about how this case should be resolved, but the sentence must reflect the Court's judgment about how this individual should be punished. Finally, the sentence must reflect the Court's judgment about how this defendant should be punished, based on an accurate characterization of the nature of the conduct and the defendant's culpability. For the reasons set forth in the original sentencing memorandum and in this reply, the Court should impose a sentence of 180 months' imprisonment.

Respectfully,

/s/
Karloff C. Commissiong, Esq.
Stephen Turano, Esq.
*Attorneys for Christian Lugo*

cc: A.U.S.A. Michael Herman (via ECF and email)
A.U.S.A. Ni Qian (via ECF and email)
A.U.S.A. Andrew Jones (via ECF and email)